CV 14 4668

✠ FILED ✠

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2015 AUG -5 PM 8:19

U.S. DISTRICT COURT
E.D.N.Y.
BROOKLYN OFFICE

-----------------------------------------------------------------------------X

THRESTAN RALPH and DAVID TURAY,

                                        KUNTZ, J.          **COMPLAINT**

                            Plaintiffs,

                                                          Docket No.

            -against-                          ORENSTEIN, M.J Jury Trial Demanded

CITY OF NEW YORK, THOMAS NAPOLITANO, Individually,
ANTHONY DONALDSON, Individually, TODD HANSEN,
Individually, ROBERT MARTINEZ, Individually, and
JOHN and JANE DOE 1 through 10, Individually (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                            Defendants.

-----------------------------------------------------------------------------X

        Plaintiffs THRESTAN RALPH and DAVID TURAY, by their attorneys, Leventhal &

Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

        1.      Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff THRESTAN RALPH is a twenty-six year old African American man residing in Brooklyn, New York.

7.      Plaintiff DAVID TURAY is a thirty year old African American man residing in Brooklyn, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants, THOMAS NAPOLITANO, ANTHONY DONALDSON, TODD HANSEN, ROBERT MARTINEZ, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On August 6, 2011, at approximately 12:30 a.m., plaintiffs THRESTAN RALPH and DAVID TURAY were lawful pedestrians on Pitkin Avenue by the corner of Shepherd Avenue, Brooklyn, New York.

14.     Plaintiff RALPH observed the defendant officers, including THOMAS NAPOLITANO, ANTHONY DONALDSON, and ROBERT MARTINEZ, and stated, in sum and substance, you might as well not stop because we don't have anything on us.

15.     In response, the defendant officers approached RALPH and one of the defendant officers, without cause or justification, punched RALPH in the face, pushed him into a gate, and placed handcuffs on RALPH's wrists.

16.     The defendant officers then slammed RALPH to the ground.

17.     While RALPH was on the ground, the defendant officers repeatedly slammed RALPH'S head into the ground, kneed and stepped on RALPH'S back and legs, and kicked RALPH in the eye.

18.     Defendant officers picked RALPH up, slammed his head into a car, and slammed him back down on the ground, where the officers continued to punch and kick plaintiff.

19.     When plaintiff TURAY attempted to video record the vicious assault the defendants perpetrated on RALPH, a defendant officer approached TURAY and punched him twice in the head.

3

20.     The defendant officers threw TURAY to the ground, repeatedly punched and kicked TURAY on his head and body, and placed handcuffs on his wrists.

21.     Plaintiff RALPH was thereafter transported from the scene to Brookdale University Hospital and Medical Center (hereinafter "Brookdale") to receive treatment for the injuries inflicted upon him by defendant officers.

22.     At Brookdale, RALPH was diagnosed with injuries, including but not limited to, a fractured right orbital floor with subconjunctival hemorrhage and swelling, a fracture of the left transverse process at L2 and L3, a contusion to his right ear, abrasions to his right knee, multiple abrasions and lacerations to his face, and contusions and abrasions to his thoracic and lumbar spines on the right side.

23.     Plaintiff TURAY was initially transported from the scene to the NYPD 75th Precinct Stationhouse.   Upon arriving at the stationhouse, the defendant officers repeatedly slammed TURAY'S head into a police vehicle while TURAY was restrained by handcuffs.

24.     After a period of time, an ambulance was summoned for TURAY, and TURAY was also transported to Brookdale for medical treatment.

25.     At Brookdale, TURAY was diagnosed with injuries, including but not limited to, a subconjuctival hemorrhage to his right eye with swelling and pain.

26.     The defendant officers continued to imprison plaintiffs TURAY and RALPH until August 6, 2011 and August 7, 2011, respectively, when plaintiffs TURAY and RALPH were each arraigned on baseless charges filed in Kings County Criminal Court under docket numbers 2011KN062906 and 2011KN063065, respectively; said charges having been filed based on the false allegations of the defendant officers, including defendants NAPOLITANO, DONALDSON, and HANSEN.   The defendants initiated said prosecutions with malice, and

4

otherwise caused said prosecutions to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: avoid discipline for the aforementioned acts of brutality and abuse of authority.

27.     The defendant officers, including NAPOLITANO, DONALDSON, and HANSEN created and manufactured false evidence against plaintiffs and used same against them in said legal proceedings. Specifically, defendant HANSEN swore to false allegations that plaintiff TURAY had obstructed governmental administration, resisted arrest, acted disorderly, and attempted to assault an officer. In addition, the DONALDSON and NAPOLITANO falsely alleged that RALPH had assaulted defendants DONALDSON and NAPOLITANO, obstructed governmental administration, resisted arrest, and acted disorderly.

28.     On January 17, 2012, all of the false charges filed against plaintiff TURAY were adjourned in contemplation of dismissal and subsequently dismissed and sealed.

29.     On July 31, 2014, almost three years after the charges were filed, the Kings County District Attorney's office moved to dismiss all of the charges filed against plaintiff RALPH in the interests of justice.

30.     Defendants NAPOLITANO, DONALDSON, HANSEN, MARTINEZ, and JOHN and JANE DOE 1 through 10 participated in or were present or otherwise aware of the incident and failed to intervene in the illegal conduct described herein despite a meaningful opportunity to do so.

31.     Defendant MARTINEZ supervised defendants NAPOLITANO, DONALDSON, HANSEN, and JOHN and JANE DOE 1 through 10, and was present for and participated in the above mentioned misconduct, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiffs.

5

32. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a practice of using force against individuals in retaliation for their exercise of their right to freedom of speech.

33. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, improperly use force against individuals in retaliation for their lawful exercise of their right to free speech, and that they otherwise engage in a practice of falsification.

34. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

35. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36. As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their liberty and their constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

37.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiffs THRESTAN RALPH and DAVID TURAY, members of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

7

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

44.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    Defendants arrested plaintiffs DAVID TURAY and THRESTAN RALPH without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

46.    Defendants caused plaintiffs DAVID TURAY and THRESTAN RALPH to be falsely arrested and unlawfully imprisoned.

47.    As a result of the foregoing, plaintiffs DAVID TURAY and THRESTAN RALPH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

48.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs THRESTAN RALPH and DAVID TURAY'S constitutional rights.

50.    As a result of the aforementioned conduct of defendants, plaintiffs THRESTAN RALPH and DAVID TURAY were subjected to excessive force and sustained physical injuries.

51.    As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

52.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff THRESTAN RALPH by providing false and/or misleading information to the Kings County District Attorneys' office.

54.     The aforesaid prosecution terminated in favor of plaintiff THRESTAN RALPH'S when it was dismissed by the Kings County District Attorney on or about July 31, 2014.

55.     As a result of the foregoing, plaintiff THRESTAN RALPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants created false evidence against plaintiffs THRESTAN RALPH and DAVID TURAY.

58.     Defendants utilized this false evidence against plaintiffs THRESTAN RALPH and DAVID TURAY in legal proceedings.

9

59.     As a result of defendants' creation and use of false evidence, plaintiffs THRESTAN RALPH and DAVID TURAY suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

60.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

61.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The acts of the defendant officers were in retaliation for plaintiffs' exercise of their First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

63.     As a result of the aforementioned conduct of defendants, plaintiffs were subjected to retaliation for the exercise of his First Amendment rights.

64.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

65.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

10

66.     Defendants maliciously issued criminal process against plaintiffs DAVID TURAY and THRESTAN RALPH by causing them to appear in Kings County Criminal Court.

67.     Defendants caused plaintiffs DAVID TURAY and THRESTAN RALPH to appear in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their illegal conduct.

68.     As a result of the foregoing plaintiffs DAVID TURAY and THRESTAN RALPH are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants had an affirmative duty to intervene on behalf of plaintiffs THRESTAN RALPH and DAVID TURAY, whose constitutional rights were being violated in their presence by other officers.

71.     The defendants failed to intervene to prevent the unlawful conduct described herein.

72.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY were subjected to excessive force, their liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated, subjected to handcuffing and imprisoned and prosecuted without probable cause.

73.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY

11

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

74.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The supervisory defendants personally caused plaintiffs THRESTAN RALPH and

DAVID TURAY'S constitutional injury by being deliberately or consciously indifferent to the

rights of others in failing to properly supervise and train their subordinate employees.

76.     As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY

are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled

to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

77.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

79.     The aforementioned customs, policies, usages, practices, procedures and rules of

the City of New York Police Department included, but were not limited to, using excessive

force, using excessive force and arresting individuals in retaliation for their lawful exercise of

12

their right to free speech, and engaging in a practice of falsification.

80.     In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiffs THRESTAN RALPH and DAVID TURAY'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

81.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs THRESTAN RALPH and DAVID TURAY.

82.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs THRESTAN RALPH and DAVID TURAY as alleged herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs THRESTAN RALPH and DAVID TURAY as alleged herein.

84.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs THRESTAN RALPH and DAVID TURAY were detained, subjected to excessive force, and imprisoned and

prosecuted without probable cause.

85.  Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs THRESTAN RALPH and DAVID TURAY'S constitutional rights.

86.  All of the foregoing acts by defendants deprived plaintiffs THRESTAN RALPH and DAVID TURAY of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from the use of excessive force and/or the failure to intervene;

      C.    To be free from seizure and arrest not based upon probable cause;

      D.    To be free from malicious prosecution;

      E.    To be free from malicious abuse of process;

      F.    To be free from retaliation for the exercise of their first amendment rights; and

      G.    To be free from deprivation of their right to a fair trial.

87.  As a result of the foregoing, plaintiffs THRESTAN RALPH and DAVID TURAY are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

14

**WHEREFORE**, plaintiffs THRESTAN RALPH and DAVID TURAY demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 5, 2014

                                        LEVENTHAL & KLEIN, LLP
                                        Attorneys for Plaintiffs THRESTAN RALPH and
                                        DAVID TURAY
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By: _____
                                             BRETT H. KLEIN (BK4744)
                                             JASON LEVENTHAL (JL1067)

15